IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SCOTLAND EUGENE WILLIAMS, #276777   *
        Plaintiff
                                        *

v.                                             Civil Action No. AMD-04-953
                                        *

KAREN GARDNER, et al.,
        Defendants                *
                                    ******

MEMORANDUM

Defendants have moved for dismissal or summary judgment against plaintiff Scotland Eugene Williams. Paper No. 14. Plaintiff has filed an opposition.[1] Paper No. 24. The issues in the have been fully briefed and no hearing is necessary. Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by defendants, treated as a motion for summary judgment, will be granted.

Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

---

[1]Plaintiff has recently filed a Motion for Preliminary Injunction. Paper No. 25. In order to obtain injunctive relief under F. R. Civ. P. 65, plaintiff must demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendants will not be harmed if the requested relief is granted; (iii) the likelihood that plaintiff will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977); *Yakus v. United States*, 321 U.S. 414 (1944). Plaintiff's request for a injunctive relief shall be rejected in that, as discussed *infra*, his motion does not clearly establish that immediate and irreparable injury, loss, or damage would result to him if the requested relief is not granted.

> Not every factual dispute will defeat the motion. As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the court now examines plaintiff's claims.

Background

Plaintiff alleges that mail room staff at MCAC routinely open his legal mail outside of his presence in violation of Division of Correction Policy and his constitutional rights. Paper No. 1. It is undisputed that on December 17, 2001, Plaintiff filed an ARP complaining that mail from the Secretary of State was opened outside of his presence. He stated that this was an ongoing problem. The ARP was dismissed with a notation that the mail room clerk did not recall the incident. The Warden noted, however, that there had been a misunderstanding among mail room staff as to whether mail from the Secretary of State was considered legal mail. The misunderstanding was corrected. Paper No. 14, Ex. 1-A-1-7. Plaintiff did not file an appeal to the IGO.

2

On December 26, 2001, January 10, 2002, and March 13, 2002, plaintiff filed ARPs stating that letters from Congressman Elijah Cummings were opened outside of his presence. The ARPs were investigated and found meritorious. The investigations revealed that the mail was opened in error and staff were reminded on each occasion to follow proper procedures for processing legal mail. *Id.*, Ex. 1-C-1, 1-D-1, 1-E-1.

Plaintiff's sole ARP regarding retaliation was filed on January 2, 2002, alleging that the mail clerks held his ARP past the 15 days for filing same an act of retaliation. The ARP was dismissed and plaintiff did not appeal the dismissal. *Id.*, Ex.1-B-1

On December 20, 2002, Plaintiff submitted an ARP stating that a letter from the Ohio Secretary of State was opened outside of his presence. The ARP was dismissed as untimely. Plaintiff did not appeal. *Id.*, Ex. 1-B-2.

Analysis

*Exhaustion*

The court first examines defendants' contention that this action should be dismissed in its entirety due to plaintiff's failure to exhaust available administrative remedies.

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to plaintiff's allegations regarding interference with his legal mail. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed to ensure that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Id.* at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review), *cert. denied*, 537 U.S. 949 (2002).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners. If this request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction. If this appeal is denied, the prisoner has 30 days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann. Corr.

Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The undisputed evidence in the record shows that plaintiff filed five ARPs concerning the opening of his legal mail outside of his presence. In only one did he claim that the opening of his legal mail was an ongoing problem. This ARP was dismissed and plaintiff did not file any appeal. Three of plaintiff's claims were found meritorious and the Warden indicated that the opening of plaintiff's mail were isolated errors and staff was reminded of proper procedures.[2] At no time other than the December 17, 2001, ARP did plaintiff advance a claim that the opening of his legal mail, outside of his presence, was a systemic problem. As noted, *supra*, this ARP was dismissed by the Warden and plaintiff failed to appeal. Likewise, plaintiff's ARP concerning retaliation, dismissed by the Warden was not appealed.

Plaintiff clearly has failed to exhaust available administrative remedies with regard to his claim that there exists a pattern or practice of mail room staff opening his legal mail, or as to his claim regarding retaliation. Unlike the prisoner plaintiff in *Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to have frustrated plaintiff's attempts at exhaustion; instead, plaintiff through his own actions failed to file the appropriate appeals.

*Access to the Courts*

Plaintiff's claim that three letters from Congressman Cummings were opened outside of his presence between December 26, 2001, and March 13, 2002, provides no basis for relief. Prisoner claims regarding legal mail are typically analyzed as access to court claims. To state a constitutional claim for denial of access to the courts, a prisoner must show that the alleged shortcomings

---

[2]Since plaintiff's ARPs were found to be meritorious, there was no reason for plaintiff to pursue further administrative remedies.

5

"hindered his efforts to pursue a legal claim."*Lewis v. Casey*, 518 U.S.343, at 351 (1996). Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). In *Lewis*, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of a prisoner's right of access to the courts is actionable, but only where the prisoner is able to demonstrate actual injury from such deprivation. *Lewis*, 518 U.S. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 354. Rather, *Lewis* concluded that *Bounds v. Smith*, *supra*, stood essentially for the proposition that prisoners are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 354.

Plaintiff has advised the court of no actual injury or specific harm which he has suffered as a result of the opening of his incoming legal mail outside of his presence. The only evidence plaintiff offers of injury are conclusory statements that the conduct of mail room staff violated his constitutional rights. Without greater specificity, plaintiff's claims fail.

Conclusion

An Order will be entered granting the motion for summary judgment.

Filed: September 20, 2005                         ___/s/_____
                                                  Andre M. Davis
                                                  United States District Judge